1 | Your Name: James Fahey
2 | Address: 101 Crescent Way #2312
3 | Phone Number: 650 392 5892
4 | Fax Number:
5 | E-mail Address: fahey_james@hotmail.com
6 | Pro Se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

James Fahey,
    Plaintiff,

v.

Uber Technologies Inc.,
    Defendant.

Case Number **CV25 6034 TSH** [leave blank]

**COMPLAINT**

DEMAND FOR JURY TRIAL
Yes ☒   No ☐

## I. PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

    Name: James Fahey
    Address: 101 Crescent Way #2312 SF CA 94134
    Telephone: 650 392-5892

2. Defendants. [Write each defendant's full name, address, and phone number.]

    Defendant 1:
    Name: Uber Technologies Inc.
    Address: 1455 Market St, 4th Floor SF CA 94103
    Telephone:

Defendant 2:

Name: _____

Address: _____

Telephone: _____

Defendant 3:

Name: _____

Address: _____

Telephone: _____

## II. JURISDICTION

Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.

3. My case belongs in federal court

   ☒ under <u>federal question jurisdiction</u> because it involves a federal law or right.

   Which federal law or right is involved? 2) DENIAL OF EQUAL ACCESS 1) ADA 42 USC § 12203, AND DUE PROCESS UNDER 42 USC § 1981

   ☐ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

## III. VENUE

The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.

4. Venue is appropriate in this Court because:

   ☒ a substantial part of the events I am suing about happened in this district.

   ☐ a substantial part of the property I am suing about is located in this district.

   ☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u>

I live in this district.

☒ at least one defendant is located in this District and any other defendants are located in California.

## IV. INTRADISTRICT ASSIGNMENT

This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka-McKinleyville. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka-McKinleyville division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.

1. Because this lawsuit arose in __SAN FRANCISCO__ County, it should be assigned to the __SAN FRANCISCO__ Division of this Court.

## V. STATEMENT OF FACTS

Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.

SEE ATTACHED

## VI. CLAIMS

### First Claim

Name the law or right violated: SEE ATTACHED

Name the defendants who violated it:

Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer to your statement of facts.

_____2ND_____ Claim

Name the law or right violated:

SEE ATTACHED

Name the defendants who violated it:

## VII. DEMAND FOR RELIEF

State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.

SEE ATTACHED.

## VIII. DEMAND FOR JURY TRIAL

Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.

[X] Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 7/17/25    Sign Name: /s/ James Peasley
Print Name: JAMES PEASLEY

Copy this page and insert it where you need additional space.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAMES FAHEY,
  Plaintiff,
v.
UBER TECHNOLOGIES, INC.,
  Defendant.

Case No. _____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
1. Retaliation in Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203

2. Denial of Equal Access and Due Process Under 42 U.S.C. § 1981

3. Declaratory and Injunctive Relief

DEMAND FOR JURY TRIAL

PROCEDURAL NOTE
This Complaint does not duplicate claims pending in state court. Plaintiff previously sought vacatur of an arbitration award in California Superior Court (Case No. CGC-23-609270), focusing solely on state-law and procedural remedies. The federal civil rights claims asserted herein—particularly under the ADA (42 U.S.C. § 12203) and 42 U.S.C. § 1981—were not fully or fairly adjudicated in arbitration or state court, and are now brought for the first time before this Court under its original jurisdiction.

I. INTRODUCTION
1. Plaintiff James Fahey brings this independent action against Uber Technologies, Inc. under federal law for: (a) retaliation in violation of Title V of the Americans with Disabilities Act, and (b) denial of equal access to civil rights enforcement and contract-based remedies, following Uber's deactivation of his driver account after a service animal-related incident.
2. Although Plaintiff attempted to assert his ADA retaliation claim in a private arbitration process compelled by Uber, the arbitrator expressly refused to hear or adjudicate the claim. Plaintiff now brings this action to assert his federal rights in a court of competent jurisdiction,

3. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States, including the ADA (42 U.S.C. § 12203) and 42 U.S.C. § 1981.

4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred within this district and both parties reside or conduct business here.

III. PARTIES

5. Plaintiff James Fahey is an individual residing in San Francisco, California.

6. Defendant Uber Technologies, Inc. is a corporation headquartered in San Francisco, California.

IV. FACTUAL BACKGROUND

7. Plaintiff was a driver on the Uber platform. In 2023, he was falsely accused of refusing service to a passenger with a service animal.

8. Uber's own internal records confirm that the passenger—not Plaintiff—canceled the ride.

9. Uber nonetheless deactivated Plaintiff's account, effectively terminating his ability to earn income.

10. Plaintiff's deactivation occurred after he made a good faith effort to comply with ADA-related obligations concerning the safe transport of a rider with a service animal, including expressing safety concerns when the animal's behavior was erratic or potentially dangerous.

11. Uber compelled Plaintiff into private arbitration pursuant to its Terms of Service. During that arbitration, Plaintiff raised federal civil rights claims, including retaliation under the ADA and denial of access to impartial adjudication. The arbitrator refused to consider Plaintiff's arguments, stating that a straight, white, non-disabled male "lacked standing" to invoke ADA protections, even where Plaintiff acted to ensure compliance with ADA safety and accommodation requirements during the service animal incident.

12. The arbitrator's rejection of Plaintiff's ADA arguments on identity grounds was both factually and legally incorrect. Title V of the ADA explicitly protects any individual—regardless of disability status—from retaliation for asserting, attempting to assert, or complying with ADA obligations. Furthermore, the arbitrator failed to consider

that reverse discrimination claims are legally cognizable under federal civil rights statutes and must be adjudicated under the same standards as any other claim. Plaintiff's ADA claim, therefore, was never fully or fairly adjudicated and remains properly before this Court.

## V. CLAIMS FOR RELIEF

### Claim One: Retaliation Under the Americans with Disabilities Act (42 U.S.C. § 12203)

13. Plaintiff realleges the foregoing paragraphs.

14. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA, including his good faith efforts to ensure compliance with ADA public access obligations related to service animals.

15. The retaliation consisted of account deactivation, loss of income, reputational harm, and refusal to provide a fair hearing.

16. Plaintiff's ADA claim was never fully adjudicated in any forum and is brought now as an original matter of federal law.

### Claim Two: Denial of Equal Access and Due Process (42 U.S.C. § 1981)

17. Plaintiff realleges the foregoing paragraphs.

18. Defendant's arbitration process and subsequent denial of a fair hearing, including the arbitrator's refusal to consider civil rights arguments due to Plaintiff's race or gender, denied Plaintiff equal access to legal remedies and contract enforcement.

19. Such conduct constitutes a violation of Plaintiff's right to equal treatment under federal law, including § 1981's protection of contract rights and access to impartial adjudication.

### Claim Three: Declaratory and Injunctive Relief

20. Plaintiff realleges the foregoing paragraphs.

21. Plaintiff seeks a declaratory judgment that Defendant's actions violated federal law and an injunction requiring reinstatement or a new, non-biased hearing in accordance with federal rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Compensatory damages in the amount of $2,350,000 for

3. Injunctive relief ordering reinstatement or a new fair process;
4. Declaratory relief;
5. Costs of suit and reasonable attorneys' fees under applicable law;
6. Any further relief the Court deems just and proper.

Dated: June 15, 2025

Respectfully submitted,

/s/ James Fahey

James Fahey

Plaintiff, Pro Se

fahey_james@hotmail.com

(415) 845-6507

San Francisco, CA 94134

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0    .

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                           *Server's signature*

                                           _____
                                           *Printed name and title*

                                           _____
                                           *Server's address*

Additional information regarding attempted service, etc: