UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAHEY,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES,<br><br>        Defendant. | Case No. 25-cv-06034-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Docket No. 13 |

Plaintiff James Fahey, proceeding pro se, has filed suit against Defendant Uber Technologies. Mr. Fahey previously was an Uber driver. Uber deactivated his driver account in 2023, purportedly because he had refused service to a passenger with a service animal. Mr. Fahey claims that this was false. According to Mr. Fahey, it was the passenger who canceled the ride, not him, and he did not violate the ADA because he was simply expressing concern about transporting an animal that was behaving erratically.

Now pending before the Court is Mr. Fahey's motion for a preliminary injunction. The motion is hereby **DENIED**.

> "A plaintiff seeking a preliminary injunction must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." The Ninth Circuit applies a "sliding scale" approach to preliminary injunctions such that a preliminary injunction can issue "where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharping in [plaintiff's] favor.'"

*Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176-77 (9th Cir. 2021).

Here, Mr. Fahey has failed to show that he is likely to suffer irreparable harm in the

1  absence of preliminary relief.  Usually, monetary damages provide an adequate remedy in
2  employment cases.  Mr. Fahey claims that "[t]he harm to [his] livelihood, reputation, and
3  economic security is immediate and cannot be fully remedied by damages at the conclusion of this
4  case," Mot. at 1, but he provides no concrete evidence to support this claim.  The fact that he has
5  not had a driver account since 2023 suggests that there is no irreparable injury.  To the extent Mr.
6  Fahey asserted at the hearing that, *e.g.*, working for Lyft is not a sufficient substitute and that he is
7  selling his house now because he cannot work for Uber, those are matters that he did raise in his
8  papers.

9  Aside from irreparable injury, there is another problem for Mr. Fahey with respect to his
10 request for preliminary relief: he has failed to show a likelihood of success on the merits.[1]  Mr.
11 Fahey has asserted two causes of action: violation of the ADA and violation of equal access/due
12 process.

13 The ADA claim is weak because, while Title VII provides protection to both minority and
14 majority groups, the ADA does not.  That is, the ADA is about protecting disabled persons only
15 and not, additionally, non-disabled persons.  *See* 42 U.S.C. § 12201(g) ("Nothing in this chapter
16 [on equal opportunity for individuals with disabilities] shall provide the basis for a claim by an
17 individual without a disability that the individual was subject to discrimination because of the
18 individual's lack of disability.").

19 To be sure, the ADA *retaliation* provision does extend protection to non-disabled persons,
20 providing that "[n]o person shall discriminate against *any individual* because such individual has
21 opposed any act or practice made unlawful by this chapter or because such individual made a
22 charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing
23 under this chapter." 42 U.S.C. § 12203 (emphasis added).  The difficulty for Mr. Fahey is that he
24 has failed to show how his conduct at issue constitutes the kind of conduct that is protected by §
25 12203 – *e.g.*, that he *opposed* a practice made unlawful under the ADA or because he *participated*

---

[1] This assumes that Mr. Fahey could overcome possible procedural hurdles – *e.g.*, the possible applicability of an arbitration agreement and the possible preclusion of the retaliation claim once the state court judgment reaches finality.

2

1  in an investigation, proceeding, or hearing under the ADA.  Instead, he was reluctant to engage in
2  a practice (accommodating a passenger who allegedly presented with a service dog) that was
3  possibly mandated, not prohibited, by the ADA.  Regardless of whether he may have violated the
4  ADA itself, Mr. Fahey's act (as alleged) of expressing concern about accommodating the putative
5  service dog was not protected activity within the purview of the anti-retaliation provision of the
6  ADA.

As for Mr. Fahey's other cause of action – denial of equal access and due process – that is essentially based on the fact that he was compelled to arbitration and/or that the arbitrator declined to reach the merits of his ADA claim.  But ADA claims can be subject to arbitration.  *See Kummetz v. Tech Mold*, 152 F.3d 1153, 1155 (9th Cir. 1998) ("This court has previously concluded that the ADA requires that agreements to arbitrate disputes arising under the ADA must at least be knowing, which means that 'the choice must be explicitly presented to the employee and the employee must explicitly agree to waive the specific right in question.'"); *cf. Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1326 (9th Cir. 2015) ("We hold that Ashbey knowingly waived his right to a judicial forum for his Title VII claim and equivalent state-law claims.").  To the extent Mr. Fahey is complaining about the conduct of the arbitrator, he made no allegations in his papers explaining why Uber should be held accountable for the actions of the arbitrator.  At the hearing, Mr. Fahey suggested for the first time that the arbitrator had an interest in finding in Uber's favor, but, as noted, this matter was not raised in his papers.  In any event, any challenge to the legality of the arbitration is a matter for the state court.  It appears that the superior court affirmed the arbitration decision, but Mr. Fahey could still appeal.

Accordingly, Mr. Fahey's motion for a preliminary injunction is denied.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: September 21, 2025

_____
EDWARD M. CHEN
United States District Judge

3